UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 ........ 04595

-------------------------------------------------------------X

LILLY MAY PORTER,

                                    Case No.:

                    Plaintiff,

          -against-                 GARAUFIS, J.

                                    NOTICE OF REMOVAL

HOME DEPOT U.S.A., INC.,

                                    POLLAK, M.J.

                    Defendant.      NO SUMMONS ISSUED

-------------------------------------------------------------X

To The Honorable Judges of The United States District Court for The Eastern of New York:

          Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys, D'Amato & Lynch, LLP, respectfully shows this Court:

          1.     Home Depot is the defendant in the above-entitled action.

          2.     On or about April 4, 2012, the above-entitled action was commenced against Home Depot by the filing of a Summons and Complaint in the Supreme Court of the State of New York, County of Kings, under Index No. 7209/12, and is now pending therein.

          3.     On or about April 17, 2012, Home Depot was served with a Summons and Complaint via the Secretary of State of New York in the above-entitled action. A copy of plaintiff's Summons and Complaint, is attached hereto as Exhibit "A".

          4.     On or about June 19, 2012, Home Depot served its Answer to the Complaint and discovery requests, including a Demand for a Verified Bill of Particulars

("BP"). Copies of Home Depot's Defendants' Answer and Demand for a Verified BP are collectively annexed hereto as Exhibit "B".

5. On or about August 27, 2012, plaintiff served a Verified Bill of Particulars, which, at ¶ 15, page 6, states that she has incurred at least $100,000 in medical expenses for claimed injuries. Additionally, plaintiff claims expected future medical cost of approximately $200,000, for which she will be seeking from Home Depot. We note that plaintiff's personal injuries include shoulder and knee injuries requiring surgical intervention.

6. No further proceedings have been held herein in the Supreme Court of the State of New York, County of Kings.

7. The amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8. Plaintiff, by her own admission, is a resident of the County of Kings in the City and State of New York.

9. Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10. The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff as a result of an alleged trip and fall accident while he was shopping at the Home Depot store located at 5700 Avenue U in the County of Kings, City and State of New York (the "Store"), on December 15, 2010.

11. Plaintiff alleges that Home Depot was negligent in the maintenance of the Store thereby allowing a dangerous condition to exist resulting in personal injuries to plaintiff.

2

12.     This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

13.     This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Kings to this Court.

Dated: New York, New York
       September 13, 2012

Yours, etc.,

D'AMATO & LYNCH, LLP

By: _____
Arturo M. Boutin, Esq.
Attorneys for Defendant
*HOME DEPOT U.S.A., INC.*
Two World Financial Center
New York, New York  1081
(212) 269-0927
**Our File No.: 434-78334**

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

LILLY MAY PORTER,

                    Plaintiff,

      -against-

HOME DEPOT U.S.A., INC.

                  Defendant,

-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(S):

Index No.: 7209/12
Date Purchased:

Plaintiff designates
KINGS COUNTY
as the place of trial

The basis of venue
is PLAINTIFF'S RESIDENCE

**SUMMONS**

Plaintiff resides at
1265 East 84th Street
Brooklyn, New York

County of KINGS

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 30, 2012
      New York, New York

                          Yours, etc.,

Defendant(s) address(es):
SEE ANNEXED RIDER

                          JEFFREY L. KOENIG, ESQ.
                          HECHT KLEEGER & DAMASHEK, P.C.
                          Attorneys for Plaintiff
                          19 West 44th Street -Suite 1500
                          New York, New York 10036
                          (212) 490-5700

KINGS COUNTY CLERK
RECEIVED
2012 APR -4 PM 12: 32

**THIS ACTION IS NOT BASED UPON A CONSUMER CREDIT TRANSACTION**
**THIS ACTION SEEKS RECOVERY FOR PERSONAL INJURY**

<u>RIDER</u>:

Defendant(s) Address(es):

      **HOME DEPOT U.S.A., INC.**
      C/o Corporation Counsel
      80 State Street
      Albany, New York 12207

**PLEASE FORWARD THIS TO YOUR INSURANCE COMPANY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

============================================X

LILLY MAY PORTER,

          Plaintiff,

    -against-

HOME DEPOT U.S.A., INC.

          Defendant,

============================================X

**VERIFIED**
**COMPLAINT**

Index No.:

Plaintiff, by her attorneys HECHT, KLEEGER & DAMASHEK, P.C. as and for their complaint as to the defendant respectfully show to this Honorable Court and allege upon information and belief as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.    At all times hereinafter mentioned, the plaintiff LILLY MAY PORTER, (hereinafter "plaintiff") was, and still is, a resident of the State of New York, County of Kings.

2.    At all times hereinafter mentioned, the defendant HOME DEPOT U.S.A., INC.. (hereinafter "HOME DEPOT") was, and still is, a domestic corporation with offices in the State of New York.

3.    At all times hereinafter mentioned, the defendant HOME DEPOT, was, and still is, a foreign corporation authorized to do business in the State of New York.

4.    That all times hereinafter mentioned, the defendant HOME DEPOT was doing business in the State of New York, pursuant to the laws of the State of New York.

5.     At all times hereinafter mentioned, and on December 15, 2010, the defendant HOME DEPOT owned the property located at 5700 AVENUE U, in the City and State of New York, County of KINGS, and the fixtures and appurtenances thereat, (hereinafter "the aforementioned premises").

6.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees operated the aforementioned premises.

7.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees controlled the aforementioned premises.

8.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees managed the aforementioned premises.

9.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees leased the aforementioned premises.

10.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees was the lessee of the aforementioned premises.

11.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees utilized the aforementioned premises.

12.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees inspected the aforementioned premises.

13.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees repaired the aforementioned premises.

14.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees maintained the aforementioned premises.

15.     At all times hereinafter mentioned, the defendant HOME DEPOT, together with their servants, agents and employees cleaned the aforementioned premises.

16.     That on December 15, 2010 plaintiff was lawfully on the aforementioned premises as hereinbefore described in the City and State of New York, County of Kings, when she was caused to sustain serious and permanent injuries from unsafe conditions which caused her to fall.

17.     That the plaintiff's injuries resulting therefrom were proximately caused by the carelessness, recklessness negligence and gross negligence of the defendant, together with their agents, servants, and employees in the ownership, operation, management, maintenance, usage and control of the aforementioned premises, grounds, aisles and boxes thereat, without any negligence, want of care or assumption of risk on the part of plaintiff contributing thereto.

18.     The area where plaintiff was injured was improperly and inadequately constructed, repaired, inspected and maintained such that it constituted a severe hazard, a trap for the unwary, a public and private nuisance, and was in violation of applicable code.

19.     The defendant had both actual and constructive notice of the defective, dangerous and trap-like conditions in existence on said defendant's premises, but failed to remedy same in a timely fashion or warn the plaintiff of the dangerous conditions prior to the happening of the occurrence as herein alleged.

20.     It was the duty of the defendant, together with defendant's agents, servants and/or employees, to maintain the aforementioned premises, grounds, aisles and boxes thereat, in a reasonably good and safe condition, free from hazards and defects, to erect warnings or barriers and to comply with applicable rules, regulations and laws.

21.     The defendant and each of them, together with defendant's agents, servants and/or employees, was/were careless, reckless, and negligent in that said defendant failed, inter alia, to maintain the aforementioned premises, grounds, aisles and boxes thereat, in a good and safe condition, free from hazards and defects, failed to erect warnings or barriers, failed to comply with applicable rules, regulations, and laws, and that the said defendant was otherwise careless, reckless,

and negligent in the instance.

22.     That the accident and plaintiff's injuries resulting therefrom were caused by the negligence of the defendants, without any negligence on the part of the plaintiff contributing thereto.

23.     This action falls within one or more of the exceptions set forth in CPLR Section 1602.

24.     By reason of the foregoing, the plaintiff sustained severe injuries and damages, was rendered sick, sore, lame and disabled, sustained severe shock and mental anguish, great physical and emotional upset, all of which injuries are, upon information and belief, permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses, and has been unable to pursue her usual vocations, all to her great damage.

25.     By reason of the foregoing, the plaintiff has been damaged by the defendant in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, plaintiff demands judgment against the defendant, the amount sought on each cause of action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: March 30, 2012
New York, New York

Yours, etc.,

JEFFREY L. KOENIG, ESQ.
HECHT, KLEEGER & DAMASHEK, P.C.
Attorneys for Plaintiff
19 West 44th Street – Suite 1500
New York, New York 10036
(212) 490-5700

## ATTORNEY VERIFICATION

STATE OF NEW YORK    }
                    {ss.:
COUNTY OF NEW YORK }

**JEFFREY L. KOENIG, ESQ.**, an attorney duly admitted to practice law before the Courts of the state of New York, affirms the truth of the following matters under penalty of perjury:

I am an associate with the law firm of **HECHT, KLEEGER & DAMASHEK, P.C.,** attorneys for the plaintiff in the within action, and as such am fully familiar with facts and circumstances constituting the within action.

I have read the foregoing **COMPLAINT** and know the contents thereof to be true to my own knowledge, except as to those matters alleged therein as upon information and belief, and as to those matters I believe them to be true.

The sources of my belief as those matters alleged as upon information and belief are as follows: conversations with my client, investigation, research, and review of the file in this matter.

The reason that this verification is being made by me and not the plaintiff personally is that plaintiff is currently not within the county where I maintain my office for the practice of law.

Dated: March 30, 2012
      New York, New York

JEFFREY L. KOENIG, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                Index No.:
LILLY MAY PORTER

Plaintiff,


- against -


HOME DEPOT U.S.A., INC.

Defendant,

## SUMMONS & VERIFIED COMPLAINT

### HECHT, KLEEGER & DAMASHEK, P.C.
*Attorneys for Plaintiff*
19 West 44th Street -Suite 1500
New York, New York 10036
(212) 490-5700


Signature (Rule 130-1.1-a)

..............................
Print name beneath

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------- X
                                                            :
LILLY MAY PORTER,                                           :    Index No.:  7209/12
                                                            :
                                    Plaintiff,              :    **VERIFIED ANSWER**
                                                            :
                    -against-                               :
                                                            :
HOME DEPOT U.S.A., INC.,                                    :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------- X

      Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), by its attorneys, D'AMATO & LYNCH, LLP, as and for its answer, alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1" of the Verified Complaint.

      2.    Denies each and every allegation set forth in paragraph "2" of the Verified Complaint.

      3.    Admits the allegations contained in paragraph "3" of the Verified Complaint.

      4.    Denies each and every allegation set forth in paragraph "4" of the Verified Complaint, except admits that Home Depot does business in the State of New York.

      5.    Denies each and every allegation set forth in paragraph "5" of the Verified Complaint.

      6.    Denies each and every allegation set forth in paragraph "6" of the Verified Complaint.

7.      Denies each and every allegation set forth in paragraph "7" of the Verified Complaint.

8.      Denies each and every allegation set forth in paragraph "8" of the Verified Complaint.

9.      Denies each and every allegation set forth in paragraph "9" of the Verified Complaint, except admits that Home Depot leased the subject premises.

10.     Denies each and every allegation set forth in paragraph "10" of the Verified Complaint, except admits that Home Depot leased the subject premises.

11.     Denies each and every allegation set forth in paragraph "11" of the Verified Complaint.

12.     Denies each and every allegation set forth in paragraph "12" of the Verified Complaint.

13.     Denies each and every allegation set forth in paragraph "13" of the Verified Complaint.

14.     Denies each and every allegation set forth in paragraph "14" of the Verified Complaint.

15.     Denies each and every allegation set forth in paragraph "15" of the Verified Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "16" of the Verified Complaint.

17.     Denies each and every allegation set forth in paragraph "17" of the Verified Complaint.

2

18.     Denies each and every allegation set forth in paragraph "18" of the Verified Complaint.

19.     Denies each and every allegation set forth in paragraph "19" of the Verified Complaint.

20.     Denies each and every allegation set forth in paragraph "20" of the Verified Complaint.

21.     Denies each and every allegation set forth in paragraph "21" of the Verified Complaint.

22.     Denies each and every allegation set forth in paragraph "22" of the Verified Complaint.

23.     Denies each and every allegation set forth in paragraph "23" of the Verified Complaint and refers all questions of law to the Court.

24.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "24" of the Verified Complaint.

25.     Denies each and every allegation set forth in paragraph "25" of the Verified Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.     Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.     Upon information and belief, if plaintiff sustained any injuries or

3

damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct by plaintiff. If found, however, that the defendant is liable to plaintiff herein, any liability being specifically denied, then the defendant alleges that, if any damages are found, they are to be apportioned among the parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     Upon information and belief, plaintiff failed to take any, or sufficient, action necessary to mitigate or minimize the damages allegedly sustained.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.     Upon information and belief, at all times relevant herein, plaintiff engaged in activity that plaintiff knew or should have known of the risks inherent in engaging in the activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may have been sustained as a result thereof.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.     Upon information and belief, plaintiff's claims for medical, dental and/or custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or future costs or expenses which were or will be replaced or indemnified, in whole or in part, from any collateral source are not recoverable in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.     Upon information and belief, the alleged injuries of plaintiff, if any, were

4

caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the claims of plaintiff against the defendant should be barred.

### AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

32.    Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.    Upon information and belief, the Verified Complaint fails to state a cause of action against the defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.    The defendant, not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, *res judicata*, Statute of Frauds, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

**WHEREFORE,** defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Verified Complaint as to the defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
          June 19, 2012

Yours, etc.,

D'AMATO & LYNCH, LLP

By: _____
           Arturo M. Boutin, Esq.

*Attorneys for Defendant*
*HOME DEPOT U.S.A., INC.*
Two World Financial Center
New York, New York  10281
(212) 269-0927
**Our File No.:  434-78334**

TO:   HECHT, KLEEGER & DAMASHEK, P.C.
      *Attorneys for Plaintiff*
      *LILLY MAY PORTER*
      19 West 44th Street, Suite 1500
      New York, New York  10036
      (212) 490-5700

6

# ATTORNEY'S VERIFICATION

ARTURO M. BOUTIN, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury:

1.    I am a member of the firm of D'AMATO & LYNCH, LLP, the attorneys of record for defendant HOME DEPOT U.S.A., INC., in the within action.

2.    I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.    The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.    The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.    The grounds for my belief as to all matters in the VERIFIED ANSWER not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

ARTURO M. BOUTIN

Dated: New York, New York
       June 19, 2012

#688834v1

7

### <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

        **MIRIAM MALDONADO**, being duly sworn, deposes and says:

        Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

        On **June 19, 2012**, deponent served the within **VERIFIED ANSWER** upon:

HECHT, KLEEGER & DAMASHEK, P.C.
19 West 44th Street, Suite 1500
New York, New York  10036

by depositing a true copy of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, properly addressed to said attorneys at the above address designated by them for that purpose.

                                         MIRIAM MALDONADO

Sworn to before me this
19th day of June, 2012

    Notary Public

        LIZA A. CHAFIIAN
    Notary Public, State of New York
        No. 02CH4983624
      Qualified in Nassau County
  Commission Expires August 27, 2013

#688893v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------- X
                                        :

LILLY MAY PORTER,                :   **Index No.: 7209/12**
                                      :
                  Plaintiff,   :   **DEMAND FOR VERIFIED**
                                      :   <u>**BILL OF PARTICULARS**</u>
               -against-       :
                                      :

HOME DEPOT U.S.A., INC.,        :
                                      :
                  Defendant.  :
                                      :
------------------------------------------------------------- X

**C O U N S E L:**

      **PLEASE TAKE NOTICE**, that pursuant to Section 3041, <u>et</u> <u>seq.</u> of the Civil Practice Laws and Rules, the defendant hereby demands that plaintiff serve a Verified Bill of Particulars upon the undersigned within twenty (20) days after receipt of this demand, setting forth the following:

      1.    State the exact date and approximate time of day of the alleged occurrence as a result of which plaintiff claims to have been injured.

      2.    State the approximate location of the alleged happening of the occurrence in sufficient detail so as to permit accurate identification of such location.

      If the occurrence allegedly occurred at or near the premises of Home Depot U.S.A., Inc., please set forth the geographical location thereon so as to be readily identified; if upon a sidewalk or exterior premises of Home Depot U.S.A., Inc., the exact distance from the curb and building line and any other fixed objects should be provided.

Set forth the part or portion of the premises where the occurrence is alleged to have taken place, giving the floor number and the location thereon, so as to be readily identified; street floor or ground floor to be considered the first floor.

If the occurrence took place upon a stairway, set forth the location of the stairway in the premises, stating between what floors situated; also the particular step on said stairway, counting from the bottom or top thereof.

If the accident occurred on the sidewalk, lot or roadway, state with specificity, the distance from the nearest intersection and from the curb and building line to the accident site.

If plaintiff claims improper repair or failure to repair, state with specificity any and all items in need of repair, indicating which were improperly repaired and which and/or in what way there was a failure to repair.

If plaintiff claims improper snow removal or failure to remove, state with specificity in what way there was improper snow removal and/or failure to remove snow.

If the accident happened before or after rain or snow, state when the last precipitation fell and/or if it was continuing at the time of the accident.   When the accident happened, state whether snow removal had already taken place, in whole or in part.

If the occurrence took place within the premises where plaintiff did not have her place of residence, business, or employment, state whether plaintiff claims to be a visitor and, if so, set forth the number of the apartment or suite which plaintiff was visiting, the name of the occupant(s) thereof, and the purpose of the visit.

2

If the accident involved an elevator, identify the particular elevator by building elevator number, municipal elevator number or other identification number, or, if same is not known, identify said elevator with specificity by any other means. State whether plaintiff was entering or leaving the elevator when the accident occurred and on what floor the accident occurred. State the speed, if any, the elevator was moving when the accident occurred. State, to the best of the knowledge of plaintiff, when the elevator was last inspected, repaired or serviced.

3.     State with particularity, the acts or omissions constituting the negligent, reckless and careless conduct of the defendant, its agents, servants and/or employees, allegedly to have caused the alleged injuries sustained by plaintiff.

4.     State and describe, in detail, the injuries allegedly to have been sustained by plaintiff as a result of the accident indicating the exact location on and/or in the body, their nature, extent, and duration of each injury, their sequelae, and identifying which of those injuries, if any, are claimed to be permanent.

5.     State whether plaintiff claims any limitation of motion, loss of use, or loss of function as a result of the injuries alleged and, if so, state the nature, extent and degree of permanency thereof.

6.     State with particularity, the injuries allegedly aggravated by plaintiff as a result of the accident, giving the exact location on and/or in the body and describe those injuries claimed to be permanent.

7.     State, if applicable, the length of time plaintiff claims to have been confined to her bed and to her home, stating the dates of such confinement.

3

8.     State the names of any ambulance services which rendered services to plaintiff, including the names of any emergency medical services ("EMS"), technicians or paramedics, who rendered services to plaintiff.

9.     State the name of each and every hospital, institution and/or clinic where any treatment or examination was rendered to the plaintiff, the length of time, if any, which plaintiff was confined and the date of admission and discharge.  If plaintiff was not confined to any hospital, institution or clinic, so state.

10.     If it is claimed that plaintiff was treated by a physician other than a physician at a hospital, institution and/or clinic, state the name and address of said physician(s). State the number of visits claimed that plaintiff made to each physician, if any.

11.     If a claim is being made for loss of earning or time in which plaintiff was incapacitated from attending her vocation, please state:

(i)     the name and address of plaintiff's employer;

(ii)     the nature of plaintiff's employment at the time of the alleged occurrence;

(iii)     if plaintiff was self-employed, the nature of said business;

(iv)     the total amount claimed for loss of earnings, including a detailed statement as to how such a loss of earnings were computed.

12.     State the length of time plaintiff claims to have been incapacitated from her employment and/or unable to pursue her usual occupation.

13.     State the length of time plaintiff claims to have been totally disabled.

14.     State the length of time plaintiff claims to have been partially disabled.

15.     State the total amount claimed by plaintiff as and for special damages

4

for:

i)    physicians' services, state separately the amount for each doctor's bill;

ii)    nurses' services;

iii)    medical supplies, appliances

iv)    x-rays, CT scans, MRI scans, and other diagnostic testing expenses;

v)    hospital expenses;

vi)    loss of earnings;

vii)    lost wages; and

viii)    all other items of special damages claimed.

16.    State the amounts earned by plaintiff for two (2) years prior to this accident, giving the name (and addresses) of each employer during said years and the amounts earned from each said employer.

17.    State generally the factual basis upon which plaintiff claims that her injuries were in no way caused by her own negligence or assumption of risk.

18.    Set forth, by Chapter, Article, Section and Paragraph, each and every statute or ordinance, if any, which it is claimed the defendant violated.

19.    State generally the factual basis upon which plaintiff claims that each such statute or ordinance was violated by defendant.

20.    If a motor vehicle or property damage is involved, state:

(a)    The registration number, make, model and year of plaintiff's automobile.

5

(b)    Provide an itemized statement of the property damage and cost of repair.

(c)    The period of time necessary to repair.

(d)    If loss of use is claimed, set forth the exact nature and amount of said claim.

21.    If plaintiff is a student, state the names and addresses of the schools attended on the date of the accident, thereafter and at present.

22.    State the length of time, giving specific dates, plaintiff was incapacitated from employment, school attendance and/or from attending to her usual duties and vocation; the amount of earnings or wages claimed to have been lost and the rate of wage or basis of remuneration received by plaintiff.

23.    State whether it will be claimed that the limitations on liability set forth in Article 16 of the C.P.L.R. do not apply to this action.

24.    If the answer to item "23" is in the affirmative, set forth the exemption or exemptions enumerated in Section 1602 of the C.P.L.R. upon which plaintiff will rely to establish that the limitations provided for in Section 1601 of the C.P.L.R. do not apply.

25.    State whether actual or constructive notice is claimed of the subject occurrence or any acts, omissions, defects or conditions which allegedly caused or contributed to the subject occurrence.

26.    If actual notice is claimed, then set forth the following:

i)     The names of the employees, agents, and/or servants of the defendant to whom it will be alleged said actual notice was given.

ii)    By whom it will be claimed that said actual notice was given on each occasion aforesaid.

6

iii) The date or dates of each said notice.

iv) The time or times of each said notice.

v) The place or places said actual notice was given.

vi) The names and addresses of any individuals claiming actual notice to any party represented by the undersigned of any condition which is alleged to have caused the occurrence, including the date and manner of said actual notice.

vii) The nature and duration of any alleged condition which is claimed to have caused the subject occurrence.

27. If constructive notice is claimed, state for how long a period of time (in minutes, hours, days, weeks, etc.), as nearly as may be stated, did the condition exist before the occurrence.

28. (i) Set forth each and every act or omission of each answering defendant which plaintiff claims is the basis of the alleged negligence of other wrongdoing on the part of each answering defendant.

(ii) State the date or dates when such acts by each answering defendant allegedly took place.

(iii) If it will be claimed that any of the acts or omissions particularized in Items 28(i) were performed by another for whose acts or omissions the defendant has responsibility, state as to each such act or omission the name of the person who performed it and that person's relationship to the defendant.

29. Set forth the full name of plaintiff and any and all names by which plaintiff has ever been known, including, but not limited to a maiden name.

30. Set forth the date, place of birth and Social Security Number of plaintiff.

31.     Set forth the address of plaintiff at the time of the alleged accident and at present.

**PLEASE TAKE FURTHER NOTICE,** that in the event of plaintiff's failure to comply with this demand within twenty (20) days after receipt hereof, the defendant will move for appropriate sanctions including an order precluding the plaintiff from offering any evidence as to the matters herein demanded for which particulars have not been furnished, together with the costs of such application.

Dated: New York, New York
          June 19, 2012

                              Yours, etc.,

                              D'AMATO & LYNCH, LLP

                              By: _____
                                   Arturo M. Boutin, Esq.

                              *Attorneys for Defendant*
                              *HOME DEPOT U.S.A., INC.*
                              Two World Financial Center
                              New York, New York  10281
                              (212) 269-0927
                              **Our File No.:  434-78334**

TO:     HECHT, KLEEGER & DAMASHEK, P.C.
        *Attorneys for Plaintiff*
        *LILLY MAY PORTER*
        19 West 44th Street, Suite 1500
        New York, New York  10036
        (212) 490-5700

8

#688851v1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                            ) ss.:
COUNTY OF NEW YORK  )

      **MIRIAM MALDONADO**, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

      On **June 19, 2012**, deponent served the within **DEMAND FOR VERIFIED BILL OF PARTICULARS; COMBINED DEMAND FOR DISCOVERY AND INSPECTION AND PRE-TRIAL DISCLOSURE; NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION; DEMAND PURSUANT TO MANDATORY INSURER LAW SECTION 111 OF PUBLIC LAW 110-173** and **REQUEST FOR SUPPLEMENTAL DEMAND PURSUANT TO CPLR SECTION 3017(c)** upon:

           HECHT, KLEEGER & DAMASHEK, P.C.
           19 West 44th Street, Suite 1500
           New York, New York 10036

      by depositing a true copy of same in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, properly addressed to said attorneys at the above address designated by them for that purpose.

                                 _____
                                     MIRIAM MALDONADO

Sworn to before me this
19th day of June, 2012

_____
Notary Public

LIZA A. CHAFIIAN
Notary Public, State of New York
No. 02CH4983624
Qualified in Nassau County
Commission Expires August 27, 2013

#688896v1

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
==================================================X

LILLY MAY PORTER,

                    **Plaintiff,**

   -against-

HOME DEPOT U.S.A, INC.

               **Defendant,**
==================================================X
S I R S :

**VERIFIED BILL
OF PARTICULARS**

Index No.: 7209/12

SEP - 4 2012

Plaintiff by her attorneys **HECHT, KLEEGER & DAMASHEK, P.C.** as and for a verified bill of particulars as to the defendant state upon information and belief as follows:

    1.      The accident occurred on December 15, 2010 at approximately 12:30 P.M.

    2.      The accident occurred at The Home Depot located at 5700 Avenue U, in the City and State of New York, County of Kings.   More specifically, the accident occurred at one of aisles thereat.

    3.      Upon information and belief, the defendant HOME DEPOT U.S.A, INC, together with their agents, employees and/or servants created a public nuisance; and were careless, reckless, and negligent with respect to the subject premises, grounds, aisles and boxes thereat, in that they FAILED to properly construct their premises, grounds, aisles and boxes; FAILED to properly maintain their premises, grounds, aisles and boxes, thereby creating a trap and hazard for the unwary; FAILED to properly clean their premises, grounds and aisles; FAILED to remove boxes in the aisles; FAILED to warn of boxes in the aisles; FAILED to properly design their premises, grounds and aisles, to wit boxes thereat; FAILED to properly and adequately remove, clear, clean and barricade an area containing boxes and other similar trip hazards from said premises and aisles and keep same free from boxes and otherwise unsafe, hazardous, defective and dangerous conditions which rendered it a hazard to passersby, most particularly, the plaintiff; FAILED to properly repair their premises, grounds and aisles; FAILED to warn persons lawfully on their

premises of the danger presented by their failings; FAILED to barricade their premises, grounds and aisles namely the defective and unsafe premises, grounds, aisles and boxes thereat; FAILED to place signs or other warnings of the danger presented by their failings; FAILED to provide a proper and safe means of egress; FAILED to prevent the formation of trip hazards; FAILED to inspect for trip hazards; FAILED to correct the dangerous condition after its danger was brought to the attention of the defendants; FAILED to inspect their premises, sidewalks, awnings, wires, anchors and curtains thereat; FAILED to hire competent personnel; FAILED to properly train their personnel; FAILED to discharge incompetent personnel; FAILED to obtain proper permits; FAILED to make proper renovations; FAILED to make proper alterations; FAILED to consider public safety above their own concern of keeping down costs; FAILED to exercise common sense; FAILED to heed complaints which placed them on actual and constructive notice of the danger presented by their misconduct; FAILED to construct their premises in a reasonably safe condition; FAILED to provide a proper warning of the defective condition; FAILED to consider the safety and welfare of persons lawfully on their premises; FAILED to adequately research construction endeavors; FAILED to ascertain applicable code; FAILED to follow and comply with pertinent and applicable codes, ordinances and statutes of which plaintiff will respectfully request that the Court take judicial notice at the trial of this action.

PLEASE TAKE FURTHER NOTICE, that the plaintiff incorporates herein by reference the findings of plaintiff's experts, if any, and allege that each and every failure to comply with pertinent code constitutes negligence and carelessness.

PLEASE TAKE FURTHER NOTICE, that the plaintiff specifically reserves his right to supplement the within up and until the point of trial as additional and further information becomes available in the course of discovery, disclosure and investigation.

4-6.   Upon information and belief, the following injuries were caused, sustained, exacerbated, aggravated, activated by the plaintiff as a proximate result of the carelessness, recklessness, and negligence of the defendants and each of them:

-   **TEAR OF THE ANTERIOR LABRUM, LEFT SHOULDER;**

-   **TEAR OF THE SUPRASPINATUS TENDON, LEFT SHOULDER;**

-   **PARTIAL ROTATOR CUFF TEAR, LEFT SHOULDER;**

-   **PLAINTIFF UNDERWENT LEFT SHOULDER ARTHROSCOPY, DEBRIDEMENT OF LABRUM and DEBRIDEMENT OF ROTATOR CUFF ON MARCH 26, 2012;**

-   **PLAINTIFF UNDERWENT A CORTIZONE and LIDOCAINE INJECTION TO THE LEFT SHOULDER ON FEBRUARY 23, 2012;**

-   **TEAR OF THE ANTERIOR LABRUM, RIGHT SHOULDER;**

-   **TENDINOSIS OF THE SUPRASPINATUS TENDON, RIGHT SHOULDER;**

-   **SUPERIOR HYPERTROPHY OF THE ACROMIO-CLAVICULAR JOINT, RIGHT SHOULDER;**

-   **RIGHT SHOULDER IMPINGEMENT SYNDROME;**

-   **BILATERAL SHOULDER DERANGEMENT;**

-   **POSSIBLE NECESSITY FOR FUTURE SURGERY, BILATERL SHOULDERS;**

-   **FLAP TEAR and EXTRUSION OF THE POSTERIOR HORN OF THE MEDIAL MENISCUS, RIGHT KNEE;**

-   **INTERNAL DERANGEMENT, RIGHT KNEE;**

-   **JOINT EFFUSION, RIGHT KNEE;**

-   **PLAINTIFF UNDERWENT RIGHT KNEE SURGERY ON JUNE 4, 2012;**

-   **POSSIBLE NECESSITY FOR FUTURE SURGERY, RIGHT KNEE;**

- POSTEROLATERAL HERNIATION AT L4-5 LEVEL;

- DISC BULGES AT C4-5 and C5-6 LEVELS;

- STRAIGHTENING and REVERSAL OF THE
  NORMAL CERVICAL LORDOSIS;

- SUB-ACUTE LEFT C5 RADICULOPATHY,
  CONFIRMED BY EMG;

- CERVICAL RADICULOPATHY;

- CERVICALGIA;

- LUMBAGO;

- CERVICAL and LUMBAR FACET SYNDROME;

- CERVICAL and LUMBAR SPINE SPRAIN/STRAIN;

- CERVICAL and LUMBAR MYOFASCITIS;

- CERVICAL and LUMBAR DERANGEMENT;

- THORACIC OR LUMBOSACRAL NEURITIS/RADICULITIS;

- POSSIBLE NECESSITY FOR FUTURE SURGERY,
  CERVICAL and LUMBAR SPINE;

- POSSIBLE NECESITY FOR FUTURE EPIDURAL
  STEROID INJECTIONS/TRIGGER POINT INJECTIONS,
  CERVCAL and LUMBAR SPINE;

- RIGHT ANKLE SPRAIN/STRAIN;

- HEAD TRAUMA WITH POST CONCUSSION SYNDROME;

- CARPAL TUNNEL SYNDROME;

- DECREASED RANGE OF MOTION, CERVICAL and
  LUMBAR SPINE; BILATERAL SHOULDERS/ARMS;
  and RIGHT KNEE/LEG;

- RESTICTION OF MOTION, BILATERAL SHOULDERS/ARMS;
  and RIGHT KNEE/LEG;

4

-   **LOSS OF MOTION, BILATERAL SHOULDERS/ARMS; and RIGHT KNEE/LEG;**

-   **LOSS OF USE, LEFT SHOULDER/LEG; and RIGHT KNEE/LEG;**

-   **SEVERE PHYSICAL PAIN AND SUFFERING;**

-   **SEVERE EMOTIONAL PAIN AND SUFFERING.**

In addition thereto, plaintiff sustained injuries to the skin, bones, muscles, tissues, cartilage, ligaments, blood vessels, nerve systems, and nerve centers of the affected areas of the body. In addition, the aforementioned accident may have aggravated, precipitated and or activated a pre-existing and/or latent asymptomatic condition or disease. Upon information and belief, all of the above noted injuries, their residuals and sequallae are permanent and progressive in nature and will tend to worsen over the lifetime of the plaintiff necessitating future surgery and treatment. Furthermore, the injuries claimed herein will cause a lifetime of pain and suffering as well as an inability to engage in and enjoy activities of life. Plaintiff specifically reserves the right to supplement the within and to prove all future consequences arising out of the foregoing acts of negligence as additional and further information becomes available and new and/or additional injuries develop, become manifest and/or additional procedures are necessitated pursuant to the CPLR and other applicable laws, rules and statutes.

7.      Plaintiff has been confined to bed intermittently to date.

Plaintiff was confined to home for approximately five (5) months from the date plaintiff underwent surgery on March 26, 2012 and intermittently thereafter.

8.      None at this time.

9       Plaintiff was admitted to NYU Hospital for Joint Diseases, 301 East 17th Street, New York, New York 10003 for surgery on March 26, 2012. Plaintiff was admitted again to NYU Hospital for Joint Diseases for surgery on June 4, 2012.

10.     Objection improper demand. Names of physicians and other health care providers are not proper subject of a bill of particulars and thus are not required to be provided. Sager v. Rochester General Hospital, 170 A.D.2d 949, 566 N.Y.S.2d 122 (1991).    However, without waiving said objection please refer to plaintiff's Response to Discovery and Inspection.

11-12. Plaintiff is a nurse employed by Brookdale Hospital, One Brookdale Plaza, Brooklyn, New York 11212.   Plaintiff earned approximately $1,800.00 bi-weekly.   Plaintiff was incapacitated from employment for approximately five (5) months from the date plaintiff underwent surgery on March 26, 2012 and intermittently thereafter.   Plaintiff will provide a Supplemental Verified Bill of Particulars with regards to lost earnings.

13-14.   Plaintiff objects to this demand as the term "disabled" is subject to multiple interpretations and meanings and as such has no legal significance as it relates to this matter. Notwithstanding the aforementioned objection, plaintiff has been partially disabled from the date of accident through the present time.

15.     Plaintiff has incurred the following special damages:

| | | |
|---|---|---|
| i) | Physicians' services | - Approximately $20,000.00 and continuing. |
| ii) | Nurses service | - None at this time. |
| iii) | Medical supplies | - Included in Physicians' services. |
| iv) | X-rays / MRI Scans | - Included in Physicians' services. |
| v) | Hospital expenses | - Approximately $80,000.00. |
| vi) | Loss of earnings | - Plaintiff will provide a Supplemental Verified Bill of Particulars with regards to lost earnings. |
| vii) | Lost wages | - Please refer to plaintiff's response to number 15(vi). |
| viii) | Other | - Plaintiff will require future physical therapy, orthopedic visits, injections; pain medication, hospitalization, surgery and rehabilitation with associated costs of approximately $200,000.00. |

6

16.    Please refer to plaintiff's response to numbers 11-12.

17.    Object, Improper demand for a bill of particulars as it requests information evidentiary in nature.  The object of a bill of particulars is to amplify pleadings, limit proof and prevent surprise at trial. (State of New York v. Horseman's Benevolent and Protective Association, 34 A.D.2d 769, 311 N.Y.S.2d 511), not to give disclosure of evidentiary material. (Basset v. Bardo Sangsa Company, LTD., 94 A.D.2d 358, 464 N.Y.S.2d 500, App. Dismissed, 60 N.Y.2d 471 84, Arroyo v. Fourteen Estusia Corp. 598 N.Y.S.2d 471 (1st Dept 1993); Scalone v. Phelps Memorial Hospital Center, 591 N.Y.S.2d 419 (2d Dept 1992).  However, without waiving said objection, please refer to plaintiff's response to number 3.

18-19.  Improper demand for a bill of particulars in that the plaintiff in the complaint did not allege violations of particular statutes, rules, and/or ordinances and therefore is not required to provide such. See Langella v. D'Agostino, 471 N.Y.S.2d 454 (1983). Plaintiff will at time of trial, subject to judicial notice, claim such rules, regulations, statutes and ordinances that this court deems appropriate at that time.

20.    Not applicable.

21.    Not applicable.

22.    Please refer to plaintiff's response to numbers 11-12.

23-24. Object, Improper demand for a bill of particulars as it requests information evidentiary in nature.  The object of a bill of particulars is to amplify pleadings, limit proof and prevent surprise at trial. (State of New York v. Horseman's Benevolent and Protective Association, 34 A.D.2d 769, 311 N.Y.S.2d 511), not to give disclosure of evidentiary material. (Basset v. Bardo Sangsa Company, LTD., 94 A.D.2d 358, 464 N.Y.S.2d 500, App. Dismissed, 60 N.Y.2d 471 84, Arroyo v. Fourteen Estusia Corp. 598 N.Y.S.2d 471 (1st Dept 1993); Scalone v. Phelps Memorial Hospital Center, 591 N.Y.S.2d 419 (2d Dept 1992).

25-27.  Actual and constructive notice are being claimed.

Although plaintiff does not claim that notice is necessary to maintain an action, Actual notice is claimed in that, upon information and belief, the defendants and each of them were aware of the dangerous and unsafe condition of the subject premises, grounds and aisles. Additionally, upon information and belief that defendants and each of them were informed in writing and verbally of the dangerous conditions complained of herein, and that there were prior occurrences, but that defendants failed to remedy the condition.  It is further believed that the defendants actively created the dangerous condition.  The names of any persons who had knowledge of the condition is currently within the exclusive knowledge of the defendants.

Constructive notice is claimed in that, upon information and belief, the conditions complained of herein were in existence and in fact were open, notorious and visible for such a period of time prior to the incident such that the defendants and each of them could have, and should have, corrected the condition, but that the defendants failed to do so in a timely fashion. Any information regarding names of persons who knew of condition is upon information and belief in possession of defendants.

28.     Please refer to plaintiff's response to numbers 2-3.

29-31.  Plaintiff, Lilly May Porter, resides at 1265 East 84th Street, Brooklyn, New York 11236. Her date of birth is November 16, 1972.

**PLEASE TAKE FURTHER NOTICE** that plaintiff hereby reserves the right to supplement and/or amend the foregoing up to and including time of trial as discovery becomes known and/or available.

8

## ATTORNEY VERIFICATION

STATE OF NEW YORK     )
                                          (ss.:
COUNTY OF NEW YORK )

**JEFFREY L. KOENING, ESQ.** an attorney duly admitted to practice before the Courts of the State of New York hereby affirms the truth of the following under penalty of perjury:

I am an associate with the law firm of **HECHT, KLEEGER & DAMASHEK, P.C.** attorneys for the plaintiff herein, and as such am familiar with the facts and circumstances herein.

I have read the foregoing **BILL OF PARTICULARS**, and know the contents thereof to be true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to those matters stated upon information and belief are as follows: records and investigation reports on file.

The reason this verification is made by me and not the plaintiffs personally is because the plaintiff is currently outside the county where I maintain my office.

Dated: August 27, 2012
          New York, New York

JEFFREY L. KOENING, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                           Index No.: 7209/12

LILLY MAY PORTER

Plaintiff,

- against -

HOME DEPOT U.S.A., INC.

Defendant,

## VERIFIED BILL OF PARTICULARS

### HECHT, KLEEGER & DAMASHEK, P.C.
*Attorneys for Plaintiff*
19 West 44th Street -Suite 1500
New York, New York 10036
(212) 490-5700

Signature (Rule 130-1.1-a)

.................................
Print name beneath