UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LILLY MAY PORTER,

                                Plaintiff,

-against-

HOME DEPOT U.S.A., INC.,

                                Defendant.

MEMORANDUM & ORDER

12-CV-4595 (NGG) (CLP)

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff Lilly May Porter's ("Plaintiff" or "Porter") motion in limine to exclude Plaintiff's medical record of December 1, 2010, regarding a lump or nodule in her left palm and any testimony relating to that record. (Mot. in Limine ("Mot.") (Dkt. 27).) Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") opposes this motion. (Opp'n to Mot. ("Opp'n") (Dkt. 32).) For the reasons discussed below, the court DENIES the motion without prejudice in part and RESERVES JUDGMENT in part.

I.     BACKGROUND

Plaintiff brought this suit to recover for injuries allegedly incurred on December 15, 2010, in Defendant's Home Depot store, where she tripped and fell over a box that she claims was negligently "pushed into her path by an employee of Home Depot." (Pl.'s Detailed Statement of Damages ("Statement of Damages") (Dkt. 26) at 1; see also Mot. ¶ 2.) Plaintiff contends that Home Depot's negligence proximately caused the accident and her resulting injuries. (Joint Pretrial Order (Dkt. 24) ¶ 4.) Plaintiff primarily alleges injuries to her lower back, neck, right knee, and both shoulders. (Statement of Damages at 1-2.) She also notes

1

having experienced pain, tinging, swelling, weakness, and numbness of her hands, in connection with these injuries. (See id. at 1-2; Mot. ¶ 2.)

Specifically, Plaintiff claims that she first began to experience "pains in her neck, lower back, right knee and both shoulders" after she left the Home Depot store on December 15, 2010. (Id. at 1.) On December 17, 2010, Plaintiff saw her primary care physician, David O. Hosten, M.D., and "complain[ed] of tingling in her hands, shoulder and wrist pain." (Id.; see also Mot. ¶ 2 (Plaintiff complained of "swelling and pain to her hands as well as a 'burning sensation in the left upper extremity'"); Opp'n at 1-2.) She alleges that she returned to Dr. Hosten on December 22, 2010, with similar complaints. (Statement of Damages at 1.) Plaintiff states that since December 2010 she has undergone extensive treatment for her injuries, including three surgeries, as well as injections and other medications for pain relief. (Id. at 1-2.) Plaintiff also reports that one effect of her injuries was "significant neck pain radiating into her hands, numbness, tingling and weakness," which she experienced in Spring 2012. (Id. at 2.)

Plaintiff seeks damages in excess of $4 million (id. at 4), including past and future medical expenses, past and future pain and suffering, and past and future lost wages. (Joint Pretrial Order ¶ 4.) She estimates that her costs for future medical care are nearly $1.75 million. (Statement of Damages at 2-3.)

A trial is scheduled to begin with jury selection on January 12, 2015. (Oct. 1, 2014, Min. Entry; Dec. 17, 2014, Scheduling Order.) Plaintiff filed this motion on December 23, 2014, which Defendant opposed on December 31, 2014.

## II. MOTION IN LIMINE STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Gorbea v. Verizon N.Y., Inc.,

2

No. 11-CV-3758 (KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 283 (S.D.N.Y. 1996)). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing Nat'l Union Fire Ins. Co., 937 F. Supp. at 287). Further, a district court's ruling on a motion in limine is preliminary and "subject to change when the case unfolds." Luce, 469 U.S. at 41.

### III. DISCUSSION

Plaintiff's motion concerns her medical record dated December 1, 2010, which apparently discloses that Plaintiff presented to her primary care physician, Dr. Hosten, on that date with a complaint or complaints regarding her left hand, and that Dr. Hosten made note of a "nodule" or "cyst" on her palm.[1] (See Mot. ¶ 6; Opp'n at 2.) Plaintiff contends that Defendant should be precluded from offering this record and "any testimony regarding same" as evidence at trial, on the grounds that: (1) Defendant had failed previously to raise any defense regarding causation of Plaintiff's injuries; and (2) the report submitted by Defendant's expert witness, Alexios Apazidis, M.D., M.B.A., fails to discuss the cyst or to disclose any opinion regarding causation, as required by Federal Rule of Civil Procedure 26(a)(2)(B). (Mot. ¶¶ 2, 5-6.)

---

[1] Neither party has provided the actual medical record to the court for its own examination. Therefore, it is unclear whether Plaintiff's complaint was limited to the physical presence of a lump on her left palm, or if she was also experiencing pain or other symptoms.

3

In response, Defendant contends that it was not required to affirmatively raise a lack-of-causation defense, as is it Plaintiff who must prove causation and damages, and it denied Plaintiff's allegations of causation in its Answer. (Opp'n at 4-5.) Defendant argues that the medical record is relevant to causation and is admissible under the Federal Rules of Evidence.[2] (Opp'n at 2-3.) Defendant further notes that Dr. Apazidis's report discloses that he reviewed the medical record at issue, and that at trial Dr. Apazidis "will be asked to give his opinion based on the evidence that is then before the Court." (Opp'n at 1, 4.) Finally, Defendant notes that it had believed Plaintiff would herself be offering this record at trial, as Plaintiff's Exhibit 1 in the parties' Joint Pretrial Order is "[m]edical records and bills from Dr. David O. Hosten." (Opp'n at 5 n.3; see also Joint Pretrial Order at 10.)

A. The December 1, 2010, Medical Record

Relevant evidence is defined as evidence having "any tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the United States Supreme Court provide otherwise. Fed. R. Evid. 402. For example, relevant evidence may be excluded when "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403, or as a sanction for failure to comply with a discovery-related court order or failure to provide required disclosures pursuant to Federal Rule of Civil Procedure 26(a) or (e), see Fed. R. Civ. P. 37(b)(2)(A)(ii), 37(c)(1)(C).

---

[2] Defendant notes that it "cannot know if this record . . . will even be needed in the defense or not" until Plaintiff presents her damages case (Opp'n at 5 n.3), but seeks to preserve its right to offer the record.

4

Plaintiff does not argue that the medical record lacks relevance (see generally Mot.), and the court agrees with Defendant that it appears to be potentially relevant and admissible evidence. To recover in this case, Plaintiff must prove not only that negligence by Home Depot caused her to slip and fall, but also that there exists a causal connection between that fall and her claimed injuries. See, e.g., Santana v. State, 938 N.Y.S.2d 157, 158 (App. Div. 2012). Furthermore, she must prove her damages caused by the fall. Id.

Plaintiff's filings suggest that she contends that the numbness, tingling, weakness, swelling, and pain in her hands allegedly experienced at various times after December 15, 2010, were causally related to the accident. (See Statement of Damages at 1-2; Mot. ¶ 2.) Evidence of a prior medical complaint regarding her left hand only 14 days before her fall could tend to make it less probable that these and other related symptoms were indeed caused by her fall. See Fed. R. Evid. 401. The evidence contained in the medical record may also be relevant to the amount and extent of causally-related damages. Even if the hand-related symptoms reported in her filings are attributable to her fall, and not the prior condition, evidence of the prior condition still could tend to make it less probable that some of Plaintiff's medical expenses or lost wages are attributable to the fall-related injuries (as opposed to being attributable to the prior condition).[3] See Fed. R. Evid. 401; see also Vanalst v. City of New York, 715 N.Y.S.2d 422, 423 (App. Div. 2000) (noting that evidence of a prior injury to another body part "may have an impact upon the amount of damages, if any, recoverable for a claimed loss of enjoyment of life" attributable to the injury sued upon).

---

[3] The jury could find that, for example, a portion of the cost of medications and bills from Plaintiff's pain management specialist (see Statement of Damages at 2-3), are attributable to Plaintiff's prior hand condition, as opposed to the December 15, 2010, incident. The jury could also find that Plaintiff's claimed lost wages (see Joint Pretrial Order ¶ 4), are attributable, at least in part, to the preexisting condition.

5

However, in the absence of expert medical testimony, the court does not know whether the nodule discussed in the medical record would actually have any bearing on Plaintiff's currently claimed injuries or damages. The jury will be in the same position. Defendant must, therefore, elicit some testimony with respect to the relevance of the record to allow the jury to understand the connection or lack thereof between the nodule and the claimed injuries or damages (for example, by cross-examining Plaintiff's expert witnesses regarding causation with the medical record), and to avoid the risk of confusing the issues.[4] See Cruz v. U.S. Lines Co., 386 F.2d 803, 804-05 (2d Cir. 1967) (affirming trial court's decision not to admit entire hospital record relating to injury not being sued upon without testimony explaining the record for fear of confusion and/or prejudice; trial court would have admitted the record if used in cross-examination of expert witnesses); Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65, 69 (S.D.N.Y. 1995) ("To establish that Furlong's purported cocaine problem is relevant to the issue of damages, Circle Line must make some showing that Furlong's alleged drug use affects his ability to work. Dr. Morse's testimony and the medical records he prepared are potentially relevant to the issue of damages, for plaintiff's ability to work could be affected by his alleged cocaine habit.").

Assuming that Defendant elicits testimony explaining the relevance of the medical record, there is no basis for excluding it as evidence. This is because Plaintiff's argument that Defendant improperly failed to disclose a causation defense fails. Causation of injuries and damages are not affirmative defenses but rather are required elements of Plaintiff's claim. Santana, 938 N.Y.S.2d at 158. Defendant was not required to affirmatively plead lack of causation, and its failure to have done so does not eliminate Plaintiff's burden to prove this

---

[4] As previously noted, see supra note 1, the court has not actually reviewed the medical record at issue. If the relevance of the record appears evident on its face, it may be admissible even without such testimony.

6

element. Olmsted v. Pizza Hut of Am., Inc., 917 N.Y.S.2d 742, 743 (App. Div. 2011) ("We are ... unpersuaded by plaintiff's argument that the general rule requiring the plaintiffs to plead aggravation of an injury in order to be entitled to recover for such aggravation should be applied to the defendants who seek to mitigate damages by presenting evidence of the plaintiffs' preexisting injuries.") Importantly, Defendant did not concede causation of Plaintiff's injuries in its Answer. (See Compl. (Dkt. 1 at 7-12) ¶¶ 17, 22; Answer (Dkt. 1 at 15-21) ¶¶ 17, 22.)

By contrast, the parties' Joint Pretrial Order is somewhat vague with respect to whether Defendant contests causation of Plaintiff's alleged injuries and damages. (See Joint Pretrial Order ¶ 4 ("Home Depot will defend the case on liability and contend that plaintiff will be unable to establish negligence on the part of Home Depot or that she fell and suffered injuries at Home Depot on December 15, 2010.").) However, in the same document, Plaintiff recognizes her burden to prove causation at trial (see id.), and discloses that Plaintiff's three expert witnesses are expected to testify, inter alia, that Plaintiff's injuries were causally related to the December 15, 2010, incident. (Id. ¶ 8 (discussing expected testimony of Drs. Drew Stein, Andrew Merola, and Gary P. Thomas).) Given this, and the denials of causation in the Answer, Plaintiff cannot plausibly claim to be unfairly prejudiced by the introduction of evidence that may bear on this issue.[5]

Further, Plaintiff does not allege a discovery violation relating to the medical record itself. Indeed, the evidence at issue was known to Plaintiff, produced in discovery by Plaintiff herself, and was arguably even included in Plaintiff's list of anticipated trial exhibits. (See, e.g., id. ¶ 10 ("PX 1: Medical records and bills from David O. Hosten.").)

---

[5] Plaintiff argues that Defendant did not raise any causation-related defenses in its Response to Plaintiff's First Set of Interrogatories (Dkt. 27-1). (Mot. ¶ 4.) However, a review of Defendant's Response to Plaintiff's First Set of Interrogatories reveals that no question was posed that would have elicited such a response.

Finally, Plaintiff does not argue that the medical record is inadmissible on any other grounds. As Plaintiff apparently intends to offer other medical records kept by the same physician (see id.), the court assumes that the records will be certified and/or that the parties will stipulate to their proper admission as business records.[6] See Gissinger v. Yung, Nos. 04-CV-0534 (BMC) (JO), 04-CV-5406 (BMC) (JO), 2007 WL 2228153, at *4 (E.D.N.Y. July 31, 2007) (medical records must be properly authenticated as business records to avoid exclusion on hearsay grounds); see also Fed. R. Evid. 803(6); Norcia v. Dieber's Castle Tavern, Ltd., 980 F. Supp. 2d 492, 502 (S.D.N.Y. 2013) (discussing certification).

Accordingly, Plaintiff's motion in limine is DENIED without prejudice to the extent that it concerns the admissibility of the medical record and Defendant's ability to elicit testimony from Plaintiff's witnesses regarding that record. Defendant may use the record at trial to cross-examine Plaintiff and Plaintiff's expert witnesses with respect to causation of Plaintiff's claimed injuries and damages, and it may enter that record into evidence, subject to the elicitation of testimony explaining its relevance.

### B. Expert Testimony

Pursuant to Federal Rule of Civil Procedure 26(a), a party must provide a written report prepared by any expert witness the party may have testify at trial, containing, inter alia, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Federal Rule of Civil Procedure 37(c) provides that a party who fails to disclose information required by Rule 26(a) "is not allowed to use that . . . information to

---

[6] Any statement made by Plaintiff contained in the medical record (as opposed to her doctor's diagnosis) would likely also be admissible pursuant to Federal Rule of Evidence 803(4). See Fed. R. Evid. 803(4) (providing exception to rule against hearsay for statement made for medical diagnosis or treatment); Norcia v. Dieber's Castle Tavern, Ltd., 980 F. Supp. 2d 492, 501-02 (S.D.N.Y. 2013).

supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff contends that the Rule 26(a) report prepared by Defendant's expert witness, Dr. Apazidis, contains no opinion "that plaintiff's injuries were not causally related to the accident, nor is there any reference to plaintiff's injuries being pre-existing or degenerative in nature." (Mot. ¶ 5.) While Defendant does not respond to this argument, Defendant does note that Dr. Apazidis "reviewed the medical record that plaintiff seeks to exclude," and that this is disclosed in the expert report. (Opp'n at 1, 2 (citing Expert Rep. of Alexios Apazidis ("Apazidis Rep.") (Dkt. 27-1) at 3 ("Patient examination report from David O. Hosten M.D. dated 6/6/07 to 12/22/10")).)

The court has reviewed Dr. Apazidis's expert report and agrees with Plaintiff that the report contains no statement of opinion regarding the causal relation of the alleged incident to Plaintiff's injuries or those injuries being preexisting or degenerative. (See generally Apazidis Rep.) Therefore, under Rule 37(c)(1), the court must determine whether preclusion of any testimony by Dr. Apazidis on these topics is appropriate. See Fed. R. Civ. P. 26(a)(2)(B)(i); Fed. R. Civ. P. 37(c)(1).

As instructed by the plain language of Rule 37(c)(1), preclusion is not appropriate if the court finds that the failure to disclose was substantially justified or is harmless. "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (quoting Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 159 (S.D.N.Y. 2012)) (internal

quotation marks omitted). "An omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party." Id. (internal quotation marks and citation omitted).

Moreover, even if the court finds that the failure to disclose was not substantially justified or harmless, preclusion is not mandatory. Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006). Rather, a "district court has wide discretion to impose sanctions" under Rule 37, and whether to preclude the testimony at issue falls within that discretion. Id. at 294, 297-98. Specifically, "if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic sanctions" in lieu of preclusion. Id. at 298; see also Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of [preclusion], the court, on motion and after affording an opportunity to be heard[,] may impose other appropriate sanctions . . . .").

In determining whether preclusion of the witness's testimony is the appropriate Rule 37 sanction, courts in the Second Circuit consider the following four factors: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded testimony; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new testimony; and (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006); see also Design Strategy, 469 F.3d at 296; Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997). "[I]t is well-recognized that 'preclusion of witness testimony is a drastic remedy and should be exercised with discretion and caution.'" Disability Advocates, Inc. v. Paterson, No. 03-CV-3209 (NGG), 2008 WL 5378365, at *12 (E.D.N.Y. Dec. 22, 2008) (quoting Morgenstern v. Cnty. of Nassau, No. 04-CV-0058 (JS), 2008 WL 4449335, at *1 (E.D.N.Y. Sept. 29, 2008)). A showing of bad faith is not required to justify preclusion, but the court may consider bad faith in its analysis. Lujan, 284 F.R.D. at 68 (citing Design Strategy, 469 F.3d at 296). "The purpose of the

rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." Haas v. Del. & Hudson Ry. Co., 282 F. App'x 84, 86 (2d Cir. 2008) (summary order).

The court is unable to determine on the papers currently submitted whether preclusion is appropriate under the aforementioned standard. For example, though Plaintiff asserts that she would be prejudiced by the introduction of the testimony at issue (Mot. ¶¶ 6, 8-9), she does not discuss how or why this would be. Additionally, the parties have not explained whether and to what extent Dr. Apazidis was deposed on these topics. Accordingly, the court will hear argument regarding whether preclusion is appropriate during trial. See United States v. City of New York, No. 07-CV-2067 (NGG), 2010 WL 2838386, at *3 (E.D.N.Y. July 19, 2010). The court therefore RESERVES JUDGMENT on Plaintiff's motion in limine to the extent that it concerns testimony by Defendant's expert Dr. Apazidis regarding the December 1, 2010, medical record and the causation of Plaintiff's alleged injuries.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion in limine is DENIED without prejudice in part and JUDGMENT IS RESERVED in part. Defendant may use Plaintiff's medical record dated December 1, 2010, to cross-examine Plaintiff and Plaintiff's expert witnesses regarding causation of Plaintiff's alleged injuries and damages, and it may offer that record into evidence subject to the elicitation of testimony explaining its relevance. The court reserves judgment with respect to the question of whether testimony by Defendant's expert witness regarding the same should be precluded. The court will hear argument regarding the possible preclusion of the expert testimony at an appropriate time during trial.

SO ORDERED.

Dated: Brooklyn, New York
January 8, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge